IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,                      :
                                       :
        Plaintiff,                     :
                                       :
        v.                             :   Civil Action Nos. 02-431-JJF
                                       :                     05-714-JJF
                                       :
ST. LT. R. TAYLOR,                     :
LT. MS. S. FARMER, and                 :
C/O MS. L. MCCOMB,                     :
                                       :
        Defendants.                    :

Devearl Bacon, pro se Plaintiff.

Eileen Kelly, Esquire, Deputy Attorney General, Delaware
Department of Justice.
Attorney for Defendant.

**MEMORANDUM OPINION**

March 9, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion For Protective Order And Stay Of Classification (D.I. 103)[1]. For the reasons discussed, the Motion will be denied.

## BACKGROUND

At the time he filed this action, pro se Plaintiff, Devearl L. Bacon, was incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff is currently incarcerated at the Delaware Correctional Center ("DCC"). Defendants, C/O L. McComb ("McComb"), Lt. S. Farmer ("Farmer"), and St. Lt. R. Taylor ("Taylor") were correctional officers at HRYCI.

By his Motion (D.I. 103) Plaintiff alleges that his disciplinary record includes three points for an unwarranted write-up in connection with his earlier claim of retaliation. Plaintiff contends that these points will cause him to be transferred to a higher security level at his upcoming classification hearing. Plaintiff alleges that if he is transferred, he will be denied access to the courts because his legal mail will be delayed. Defendants respond that the points associated with Plaintiff's retaliation claim will not be considered at his upcoming hearing, that the named Defendants

---

[1] Plaintiff has filed this Motion both in this case and as D.I. 19 in Civil Action 05-714-JJF. Docket item numbers in this opinion refer to Civil Action 02-451-JJF.

1

play no role in the classification process, and that even if Plaintiff is reclassified, he will receive all legal paperwork within one week.

## DISCUSSION

I.  **Standard of Review**

In order to obtain injunctive relief, the moving party must demonstrate: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, (3) the lack of harm to the non-movant, and (4) that the public interest requires the relief requested. Hoxworth v. Blinder Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990); Sullivan v. City of Pittsburgh, 811 F.2d 171, 181 (3d Cir.), cert. Denied, 484 U.S. 849 (1987)). In the prison context, requests for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Robinson v. Horn, 2000 U.S. Dist. LEXIS 11088 (E.D. Pa. 2000)(citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)(citations omitted); Forrest v. Nedab, 1999 U.S. Dist. LEXIS 10464 (E.D. Pa. 1999); Riley v. Snyder, 72 F. Supp. 2d 456, 460 (D. Del. 1999)). Furthermore, where a plaintiff's request for injunctive relief would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief. Rizzo v. Goode, 423

2

U.S. 362, 379 (1976); Robinson, 2000 U.S. Dist. LEXIS 11088 at *22; Riley, 72 F. Supp.2d at 459.

## II. Whether Plaintiff Is Entitled To Injunctive Relief

By his Motion, Plaintiff seeks an injunction to protect his "legal works, documents, and exhibits for future claims" and to enjoin Defendants from conducting his classification hearing this month (D.I. 103 at 1.). Because Plaintiff's request pertains to the administrative functions of the state prisons, the Court must proceed with caution. See Robinson, 2000 U.S. Dist. LEXIS 11088 at *22. After reviewing the submissions of the parties and balancing the factors required for injunctive relief, the Court concludes that Plaintiff is not entitled to an injunction.

### A. Likelihood of Success on the Merits

After reviewing the allegations raised in Plaintiff's Complaint, the Court concludes that Plaintiff has not demonstrated a likelihood of success on the merits of his claims. For example, Plaintiff alleges by his Motion that he is in danger of being denied access to the courts if he is transferred to a higher security level following his classification hearing. Plaintiff argues that points on his discipline record related to an earlier retaliation claim may unfairly cause him to be moved to a higher classification. Plaintiff argues that if he is moved to a higher classification, he may suffer prejudice from delayed legal mail at a "critical moment" in another, unrelated,

3

proceeding (D.I. 103 at 1). It is well established that prisoners retain their constitutional right of access to the courts. Kershner v. Mazurkiewicz, 670 F.2d 440, 443-44 (3d Cir. 1981)(quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). However, in order to prove a violation of that right, a prisoner must establish that he was denied access to the courts and that he suffered an actual injury as a result. Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

In this case, Plaintiff has failed to allege an actual injury. Plaintiff contends only that there is a chance that his legal mail may be delayed if he is transferred to a higher security level after his classification hearing. On this point, Plaintiff claims only that he had to mail to the court a handwritten, rather than typed, brief for an unrelated case. However, Plaintiff fails to allege that he suffered any adverse consequences as a result. Plaintiff has failed to allege any instance where he was actually denied access to the courts.

Further, to the extent that Plaintiff's claims are based on his classification level, the Court also concludes that Plaintiff cannot demonstrate a likelihood of success on the merits. In Delaware, inmates have no constitutionally protected interest in their classification. Carrigan v. State of Delaware, 957 F.Supp. 1376, 1385 (D. Del. 1997). In addition, Plaintiff has alleged no facts that would establish that any of the named Defendants play

4

a role in the classification process. Accordingly, the Court concludes that Plaintiff cannot succeed on the merits of his claim.

    B.    Threat of Irreparable Harm

Even if Plaintiff were able to establish a likelihood of success on the merits, he would not be entitled to injunctive relief, because he does not show a threat of irreparable harm. Plaintiff fails to allege that he has been prejudiced in any irreparable way and only makes vague, conclusory allegations regarding the possibility of future prejudice if he is transferred. In the event that such prejudice should result, Plaintiff has, and is clearly aware of, the remedies available for redress.

    C.    Harm to the Non-Movant

The Court must also consider whether the grant or denial of injunctive relief would harm Defendants. The Court concludes that Defendants would suffer substantial harm if the Court were to grant the injunction Plaintiff requests. Prison administrators must "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979)(citations omitted). Because the relief Plaintiff seeks goes directly to the manner in which Defendants operate the

5

prison, the Court concludes that an injunction would substantially harm Defendants.

    D.   <u>Public Interest</u>

Further, in assessing whether injunctive relief serves the public interest in this case, the Court reiterates its observation that prison administrators must be afforded deference in the manner in which they operate the prison. <u>Bell</u>, 441 U.S. at 547. The public has a strong interest in the safe, efficient, and orderly operation of its prison system. <u>See</u> e.g. <u>Meachum v. Fano</u>, 427 U.S. 215, 229 (1976); <u>Henderson v. Lane</u>, 979 F.2d 466, 468 (7th Cir. 1992). The Court concludes that in this case, granting injunctive relief would not serve the public interest.

### CONCLUSION

In sum, the Court has weighed the factors required for injunctive relief and concludes that Plaintiff is not entitled to an injunction. For the reasons discussed, the Court will deny Defendants' Motion For Protective Order And Stay Of Classification.

An appropriate Order will be entered.

6