IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVEARL BACON, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 02-431-JJF |
| ST. LT. R. TAYLOR, LT. MS. FARMER, and C/O MS. MCCOMB, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**I. BACKGROUND**

Plaintiff Devearl Bacon, is an inmate incarcerated at the Delaware Correctional Center ("DCC"). He filed his Complaint on May 16, 2002, while housed at the Howard R. Correctional Institution, formerly known as Gander Hill Prison, in Wilmington, Delaware. (D.I. 2.) At that time he proceeded pro se. Plaintiff has been represented by appointed counsel since December 11, 2006. (D.I. 132.)

Plaintiff alleges that Defendants, employees of the Delaware Department of Correction, violated his right to free speech when they retaliated against him for attempting to file a lawsuit exposing unsafe prison conditions. On March 16, 2007, the Court entered a Scheduling Order that provided a May 18, 2007 deadline for joinder of parties. (D.I. 135.) The deadline was later extended to July 18, 2007. (D.I. 140.) Plaintiff, through counsel, has filed a Motion To Add Perry Phelps ("Phelps") as a party and to amend his Complaint. (D.I. 148.) Defendants oppose

the Motion on the basis that any claims against Phelps are barred by the applicable two year statute of limitation period. (D.I. 150.) Plaintiff has filed a Reply. (D.I. 151.) For the foregoing reasons, the Court will grant the Motion.

## II. STANDARD OF REVIEW

A plaintiff must meet the requirements of Fed. R. Civ. P. 20, regarding joinder of parties, in order to be permitted to amend a complaint to add a new party. Fed. R. Civ. P. 20 ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."). Federal Rule of Civil Procedure Rule 15(c)(3) applies to amendments which add claims against a new party and it can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. See Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 189 (3d Cir. 2001); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995). Where a party is not named in the complaint, and has no reason to know that he is an intended party in the lawsuit, the relation back inquiry is governed by the new party standard of Rule 15(c)(3). See Singletary, 266 F.3d at 194.

Three conditions must be met for the successful relation back of an amended complaint that adds new parties: 1) the additional claim arose out of the same conduct as the original pleading; 2) the newly named party received such notice of the institution of the action within 120 days of the complaint so that the party will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. Singletary, 266 F.3d at 189 (internal quotations and citations omitted).

### III. DISCUSSION

Plaintiff moves to add Phelps as a party to this action. On June 29, 2007, the Court gave Plaintiff leave to depose Phelps. (D.I. 143.) According to Plaintiff, Phelps's depositional testimony, as well as other documents produced during discovery, indicate that he is one of the primary actors involved in the alleged retaliatory conduct against him. Plaintiff asserts that joinder is proper because the proposed claims against Phelps arise out of the same transaction, occurrence, or series of transactions or occurrences as those alleged against the current Defendants, and the same questions of law and fact apply to all current and proposed defendants. Plaintiff contends that

Defendants misconstrue Rule 15(c)(3)(B) and that Plaintiff has met all three of the required elements of Rule 15(c). He argues that he should not be punished for failing to comprehend, without the aid of counsel, that Phelps should have been named as a defendant.

Defendants oppose the motion and argue that amendment is futile as any claims against Phelps are barred by the applicable two year statute of limitation. (D.I. 150.) They note that the relevant incident occurred on March 31, 2002, and therefore, any claim filed after March 31, 2004 is time barred. Defendants acknowledge that relation back, through Rule 15(c), can ameliorate the running of the limitations period, but argue that Plaintiff cannot satisfy the third requirement under Rule 15(c)(3).

Defendants argue that Plaintiff's failure to join Phelps was not due to mistake or inadequate knowledge as required by Rule 15(c)(3)(B). They point to paragraph 17 of the proposed Amended Complaint which alleges as follows:

> On April 21, 2002, Mr. Bacon sent a handwritten letter to Phelps seeking to determine why he was moved to administrative segregation. In an April 23, 2002, memorandum, Phelps informed Mr. Bacon that he was "mistakenly removed from administrative segregation status" on April 8th, and that, once Mr. Phelps realized that a transfer had taken place, he "directed the on-duty shift commander to transfer you [Mr. Bacon] to 1F pod on administrative segregation status." (Ex. G). Mr. Bacon never heard back from the Administration regarding his wrongful housing grievance. On information and belief, because of Defendants' actions,

-4-

.

> Mr. Bacon was on administrative segregation status for at least fifty-six days.

(D.I. 148, Ex. 1, ¶ 17.)

Defendants argue Plaintiff's April 21, 2002 letter to Phelps indicates that, prior to his filing of the lawsuit, he was aware of the allegations that form the basis of his Motion To Add Phelps as a defendant. Defendants further argue that Plaintiff cannot rely upon his pro se status to excuse his failure to add Phelps as a defendant. They contend that, in this case and others, Plaintiff has exhibited the ability to file motions to amend while proceeding pro se.

The statute of limitations for Plaintiff's claim ran on March 31, 2004, and he did not name Phelps as a prospective Defendant until July 18, 2007, after the expiration of the limitation period. Defendants do not dispute that Plaintiff may be able to satisfy the first two requirements of Rule 15(c). Accordingly, the Court turns to the mistake requirement under Rule 15(c)(3)(B).

An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake – whether the mistake is based on lack of knowledge or mere misnomer. Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir. 2006) (citations omitted). The "mistake" prong of Rule 15(c) permits amendments that simply cure errors in

legal judgment. See, e.g., Leary v. NWOSU, C.A. No. 05-5769, 2007 WL 2892641 (E.D. Pa. Oct. 2, 2007) (Plaintiff's mistake was due to his lack of legal knowledge whether the City could be a potential defendant and sufficed for purposes of 15(c)(3); Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F. Supp. 1450, 1457 (E.D. Pa. 1992) ("mistake" inquiry centered on whether the new party was aware that failure to join it was error rather than deliberate strategy); Taliferro v. Costello, 467 F. Supp. 33, 36 (E.D. Pa. 1979) (civil rights plaintiffs' claim against City of Philadelphia related back to original complaint, even though plaintiffs' initial failure to name the City had resulted from mistaken legal judgment, as plaintiffs had filed original complaint pro se).

Prior to filing his Complaint, Plaintiff sent a memo to Phelps asking why he was being held in administrative segregation, to which Phelps responded. Defendants posit that this letter evidences Plaintiff was aware of the allegations that form the basis of his Complaint against Phelps and that the failure to join Phelps in the original Complaint was not due to mistake or inadequate knowledge. At the time he filed his Complaint, however, Plaintiff was proceeding pro se. Not fully versed in the law, he made a mistake by not listing all the individual parties who could technically have been included as defendants. Indeed, even though Plaintiff knew Phelps' name, it

was not until Plaintiff obtained appointed counsel that discovery revealed the potential claim against Phelps. Accordingly, the Court finds that the claims in the Amended Complaint relate back to the timely filed original Complaint because a mistake occurred when Plaintiff originally filed his Complaint and failed to name Phelps as a Defendant.

**IV. CONCLUSION**

THEREFORE, at Wilmington this 19 day of November, 2007, IT IS ORDERED that Plaintiff's Motion To Add (D.I. 148) is **GRANTED**. Plaintiff **SHALL FILE** his Amended Complaint within fifteen (15) days from the date of this Order.

UNITED STATES DISTRICT JUDGE